THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL CICCOLELLI,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTIONS TO VACATE SENTENCE**<br><br>Case No.4:22-cv-00098-DN<br><br>District Judge David Nuffer |

  Petitioner Michael Ciccolelli ("Ciccolelli") filed two documents which are construed to be motions seeking to vacate his sentence under 28 U.S.C. § 2255: (1) a motion titled "18 U.S.C. § 922(g) (i) Found Unconstitutional" ("§ 922 Motion")[1] and (2) a "Motion by a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" ("IAC Motion").[2]

  Ciccolelli's motions argue that recent Supreme Court authority renders his sentence unconstitutional and that his counsel was ineffective for failing to properly argue against a sentencing enhancement. Ciccolelli's motions fail because he waived his right to challenge his sentence; because his sentence has not been rendered unconstitutional by recent Supreme Court decisions; and because his counsel did challenge the enhancement that Ciccolelli asserts his counsel overlooked. Therefore, Ciccolelli's motions are DENIED.

---

[1] Docket no. 1, filed December 1, 2022.

[2] Docket no. 3, filed January 4, 2023.

**Table of Contents**

Factual and Procedural Background ................................................................................................ 2
Discussion ........................................................................................................................................ 3
    A. Ciccolelli's § 922 Motion Fails Because it is Procedurally Barred;  Because He Waived the Right to Challenge His Sentence under 28 U.S.C. § 2255; and Because Controlling Precedent Supports His Sentence .......................................... 4
        1.      Ciccolelli's § 922 Motion is Procedurally Barred for Failure to File a Direct Appeal. ................................................................................................... 4
        2.      Ciccolelli Waived his Right to Challenge his Conviction in his Plea......... 5
        3.      Ciccolelli's Conviction and Sentence are Constitutional............................ 7
    B. Ciccolelli's IAC Motion Fails Because He Cannot Show Counsel's Performance was Deficient or that He was Prejudiced. ..................................................................... 8
Order ................................................................................................................................................ 10

## FACTUAL AND PROCEDURAL BACKGROUND

On or around August 26, 2021, Ciccolelli was contacted by a county Sheriff on the side of Highway 89 near milepost 98 in Kane County, Utah. During the interaction, Ciccolelli was found to be in possession of a Glock 43 9mm handgun with a chambered round and full magazine, and a Ruger LCP .380 handgun with three bullets in the magazine.[3] Additionally, Ciccolelli was found to possess 14 grams of cocaine, over 500 Oxycodone pills, a black scale with white powder, a home patrol police scanner, and other drug paraphernalia and personal property.[4] Ciccolelli was charged with one count for possession of a firearm as a convicted felon

---

[3] Presentence Investigation Report, docket no. 28, filed March 28, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022); Statement By Defendant in Advance of Plea of Guilty and Plea Agreement, docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022); Defendant's Sentencing Memorandum and Objection to the Presentence Report, docket no. 29, filed March 30, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022); *See* docket no. 30, minute entry for Proceedings held before Judge David Nuffer: Sentencing, filed April 6, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[4] Presentence Investigation Report, docket no. 28, filed under seal March 28, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022); Statement By Defendant in Advance of Plea of Guilty and Plea Agreement, docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022); Defendant's Sentencing Memorandum and Objection to the Presentence Report, docket no. 29, filed March 30, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022); *See* docket no. 30, minute entry for Proceedings held before Judge David Nuffer: Sentencing, filed April 6, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

in violation of 18 U.S.C. § 922(g)(1).[5] Ciccolelli pled guilty[6] and was sentenced to 51 months imprisonment.[7] Ciccolelli filed his § 922 Motion December 1, 2022,[8] and his IAC Motion was filed January 4, 2023.[9]

## DISCUSSION

28 U.S.C. Provides that a "prisoner in custody under sentence" of a Federal Court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the "sentence was imposed in violation of the Constitution of the Constitution or laws of the United states . . . ."[10] If the "motion and files and records of the case conclusively show that the prisoner is entitled to no relief" there is no requirement to provide notice to the United States attorney or to grant a hearing. The record in this matter conclusively establishes that Ciccolelli is not entitled to relief, removing the need for a response from the government or to hold a hearing. Ciccolelli's § 922 Motion fails because it is procedurally barred, because he waived his right to file a motion under 28 U.S.C. § 2255 in his plea agreement, and because his sentence is constitutional under controlling precedent. Ciccolelli's IAC Motion fails because he cannot show deficient performance former counsel who performed the tasks Ciccolelli's claims were overlooked, or

---

[5] Indictment, docket no. 1, filed October 20, 2021, in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[6] Minute Entry for proceedings held before Magistrate Jared C. Bennett: Change of Plea Hearing, docket no. 24, filed December 27, 2021, in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022), Statement By Defendant in Advance of Plea of Guilty and Plea Agreement, docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[7] Judgment in a Criminal Case, docket no. 31, filed April 8, 2022, in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[8] Docket no. 1, filed December 1, 2022.

[9] Docket no. 3, filed January 4, 2023.

[10] 28 U.S.C. § 2255(a).

prejudice because the court found the sentence appropriate regardless of the sentencing enhancement.

### A. Ciccolelli's § 922 Motion Fails Because it is Procedurally Barred; Because He Waived the Right to Challenge His Sentence under 28 U.S.C. § 2255; and Because Controlling Precedent Supports His Sentence

In his § 922 Motion, Ciccolelli argues that his sentence should be vacated under 28 U.S.C. § 2255 because his sentence violates the constitution in light of the Supreme Court Decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*,[11] and a district court decision in *United States v. Perez-Gallan*.[12] Ciccolelli's § 922 Motion must be denied because he is procedurally barred for failing to file a direct appeal; because he waived the right to challenge his sentence with his plea; and because his conviction and sentence do not violate the Constitution under controlling precedent.

**1. Ciccolelli's § 922 Motion is Procedurally Barred for Failure to File a Direct Appeal.**

Ciccolelli did not file an appeal of his conviction or sentence. "When a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless" he can justify the procedural default and show actual prejudice, or "can show that a fundamental miscarriage of justice will occur if his claim is not addressed."[13] The procedural bar applies to challenges to both sentences and convictions and applies "even where the defendant has waived his right to appeal."[14] The miscarriage of justice exception to this bar is "a markedly narrow one,

---

[11] 597 U.S. 1 (2022).

[12] 640 F. Supp. 3d 697, 698 (W.D. Tex. 2022), aff'd, No. 22-51019, 2023 WL 4932111 (5th Cir. Aug. 2, 2023). Ciccolelli does not provide citations to any cases and the citations herein are assumed to be the referenced cases based on the legal issues addressed in the cases.

[13] *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (internal citations and quotation marks omitted).

[14] *United States v. Majid*, 196 F. App'x 685, 686 (10th Cir. 2006) (internal citation omitted).

implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent."[15]

Ciccolelli did not challenge his sentence or conviction on direct appeal. Nor does Ciccolelli offer any excuse for his failure to file a direct appeal.[16] Nor is there the potential for a miscarriage of justice because, as explained more fully below, there is no constitutional deficiency with Ciccolelli's conviction or sentence. Ciccolelli's § 922 Motion is procedurally barred for his failure to file a direct appeal.

2. **Ciccolelli Waived his Right to Challenge his Conviction in his Plea.**

Ciccolelli waived his right to appeal his conviction and sentence in his plea agreement.[17] "When a defendant waives his right to bring a post-conviction collateral attack in his plea agreement and later brings a § 2255 petition," the Tenth Circuit requires a determination of "(1) whether the disputed claim falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[18]

Ciccolelli's § 922 Motion falls within the scope of his waiver. In his plea agreement, Ciccolelli asserted that "fully understanding [his] right to appeal [his] sentence . . . [he]

---

[15] *McGaughy*, 670 F.3d at 1159 (cleaned up).

[16] Docket no. 1, filed December 1, 2022.

[17] Statement By Defendant in Advance of Plea of Guilty and Plea Agreement ¶ 8, 12(f), docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[18] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (cleaned up).

knowingly, voluntarily and expressly waive[d] his right to appeal . . . ."[19] This specifically included "a motion brought under 28 U.S.C. § 2255 . . . ."[20]

Ciccolelli's waiver was made knowingly and voluntarily. The plea agreement specifically states that the waiver to challenge his sentence or conviction, including in a § 2255 motion was made "knowingly, voluntarily, and expressly . . . ."[21] Additionally, the colloquy between Ciccolelli and the judge before Ciccolelli entered his guilty plea was thorough, detailed, and convincingly demonstrates that Ciccolelli's plea was made knowingly and voluntarily.[22]

Ciccolelli bears the burden to show that enforcing his waiver would result in a miscarriage of justice.[23] The Tenth Circuit has found waiver enforcement to result in a miscarriage of justice in only four circumstances:

> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.[24]

None of these circumstances apply here, and Ciccolelli did not addressed the issue of waiver in his § 922 Motion. Accordingly, Ciccolelli's waiver in his plea agreement bars his § 922 Motion.

---

[19] Statement By Defendant in Advance of Plea of Guilty and Plea Agreement ¶ 8, docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[20] Statement By Defendant in Advance of Plea of Guilty and Plea Agreement ¶ 12(f)(2), docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[21] Statement By Defendant in Advance of Plea of Guilty and Plea Agreement ¶ 12(f)(2), docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[22] Minute Entry for proceedings held before Magistrate Jared C. Bennett: Change of Plea Hearing, docket no. 24, filed December 27, 2021, in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[23] Viera, 674 F.3d at 1219.

[24] *Id.*

3. **Ciccolelli's Conviction and Sentence are Constitutional.**

In a § 2255 proceeding, the movant bears the burden of demonstrating the deprivation of a constitutional right.[25] Ciccolelli points two cases, *Bruen*[26] and *Perez-Gallan,*[27] without any explanation, reasoning, or specific facts to show his sentence violates the Constitution. This alone defeats Ciccolelli's motion. And nothing in *Bruen* or *Perez-Gallan* demonstrates Ciccolelli's conviction and sentence are unconstitutional.

*Bruen* does not support vacatur of Ciccolelli's sentence or conviction. In *Bruen*, the Supreme Court held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."[28] The Supreme Court in *Bruen* did not evaluate or find that felon-in-possession laws violated the Second Amendment to the Constitution. Instead <u>*Bruen*</u> gave updated direction on how courts should evaluate whether conduct is protected by the Second Amendment.[29] And in concurring or dissenting opinions in *Bruen,* six of the justices joined opinions which specifically acknowledged that *Bruen* did not disturb felon in possession laws.[30]

Post-*Bruen*, courts in this district and circuit have recognized that *United States v. McCane*[31] and its progeny remain controlling law and have rejected challenges to felon-in-possession laws.[32] *McCane* reiterated dicta from the Supreme Court in *Heller* where the Court

---

[25] *United States v. Sarracino*, 724 F. App'x 673, 674–75 (10th Cir. 2018).

[26] 597 U.S. 1 (2022).

[27] 640 F. Supp. 3d 697.

[28] 597 U.S. at 8.

[29] *Id.* at 24-27.

[30] *Id.* at 72, 81, 129-30.

[31] 573 F.3d 1037, 1047 (10th Cir. 2009).

[32] *United States v. Webb*, No. 4:22-CR-00075-DN-PK, 2023 WL 4977932, at *2 (D. Utah Aug. 3, 2023); *United States v. Johnson*, No. CR-23-188-SLP, 2023 WL 6049529, at *3 (W.D. Okla. Sept. 15, 2023).

explained that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."[33]

In short, nothing in *Bruen* upends or changes the precedent in this circuit which has repeatedly rejected constitutional challenges to 18 U.S.C. § 922(g)(1).[34] Until there is a Supreme Court or Tenth Circuit decision saying otherwise, 18 U.S.C. § 922(g)(1) remains constitutional under *McCane*.[35]

*Perez-Gallan* is also inapposite. It is neither controlling nor applicable as it is focused on § 922(g)(8)'s prohibition of firearm possession by persons subject to a restraining order related to domestic violence.[36] Ciccolelli's constitutional challenge to his conviction and sentence is without merit. Therefore, Ciccolelli's § 922 Motion must be denied.

### B. Ciccolelli's IAC Motion Fails Because He Cannot Show Counsel's Performance was Deficient or that He was Prejudiced.

"In order to establish a successful claim for ineffective assistance of counsel," Ciccolelli must show "(1) that counsel's performance was deficient, and (2) that this deficient performance prejudiced his defense . . . ."[37]

In his IAC Motion, Ciccolelli argues that he received ineffective assistance of counsel because counsel did not file a motion arguing against a 4-point enhancement[38] of his guideline offense level and because counsel did not argue any law or research facts that would have

---

[33] United States v. McCane, 573 F.3d 1037, 1047 (10th Cir. 2009)

[34] *See McCane, 5*73 F.3d at 1047 (10th Cir. 2009); In re United States, 578 F.3d 1195, 1200 (10th Cir. 2009) (unpublished); United States v. Griffith, 928 F.3d 855, 870 (10th Cir. 2019); United States v. Gieswein, 887 F.3d 1054, 1064 n.6 (10th Cir. 2018).

[35] *United States v. Baker*, 2022 WL 16855423, at *3 (D. Utah Nov. 10, 2022).

[36] *Perez-Gallan*, 640 F. Supp. 3d at 713.

[37] *United States v. Contreras-Castellanos*, 191 F. App'x 773, 775 (10th Cir. 2006).

[38] The enhancement at issue in Ciccolelli's sentencing is found in the Federal Sentencing Guidelines § 2K2.1 which provides that if a firearm or ammunition is used or possessed "in connection with another felony offense," then the offense level is "increase[d] by 4 levels."

demonstrated the 4-point enhancement was not lawfully applied to Ciccolelli.[39] Ciccolelli also argues he was given a different guideline range by his counsel than was used in his sentencing. Ciccolelli's claim fails because Ciccolelli fails to identify any deficient performance—counsel did perform the tasks Ciccolelli claims were missed—and because Ciccolelli cannot show any prejudice.

Contrary to his arguments in the IAC Motion, Ciccolelli's counsel did file briefing and make argument specifically about this precise 4-point enhancement. Ciccolelli filed Defendant's Sentencing Memorandum and Objection to the Presentence Report ("Objection")[40] where he specifically argued, through counsel, that the 4-point enhancement sought by the government was inappropriate.[41] In his Objection, Ciccolelli argued that because the drugs found in Ciccolelli's possession at the time of his arrest were for personal use and not for distribution, the firearm was not facilitating another felony, such as drug trafficking.[42]

At sentencing, the Court specifically noted review of the Objection and that it centered on the relationship of the firearm to the drugs that were found.[43] During the sentencing hearing, Ciccolelli's counsel also orally argued against the 4-point enhancement consistent with the Objection.[44] However, Ciccolelli's argument was rejected and the Court noted specific facts that supported its finding that the firearm was connected to drug trafficking including the sizeable amount of narcotics found, a police scanner, a scale, a laptop, and other paraphernalia.[45]

---

[39] Potentially see *United States v. Chippewa*, No. 23-8010, 2023 WL 8084422 (10th Cir. Nov. 21, 2023)

[40] Docket no. 29, filed March 30, 2022 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[41] *Id.* at 2-4.

[42] *Id.*

[43] *See* docket no. 30, minute entry for Proceedings held before Judge David Nuffer: Sentencing, filed April 6, 2022.

[44] *Id.*

[45] *Id.*

Ciccolelli fails to identify any deficient performance of counsel because counsel did exactly what he argues counsel failed to do.

Additionally, Ciccolelli cannot show he was prejudiced. At sentencing, the Court noted its finding that a sentence of 51 months was the appropriate sentence regardless of whether the range in the Presentence Report (which included the 4-point enhancement) was used or the lower range argued for by Ciccolelli (without the enhancement) was used.[46]

Finally, Ciccolelli's argument that counsel was deficient because he was told a different guideline range than was used at sentencing also fails.[47] As explained above, Ciccolelli's counsel did argue for a reduced guideline range based on removal of the 4-point enhancement. Moreover, in his plea, Ciccolelli acknowledged that the guideline range would be "determined by the Court." Ciccolelli also acknowledged in his plea agreement that the maximum penalty could be a term of imprisonment of ten years, and that "the final calculation of [his] sentence by the Court may differ from any calculation the United States, [his] attorney, or [he] made . . . ."[48] In sum, Ciccolelli disclaimed any reliance on a specific guideline range provided by his attorney and acknowledged the court could make a different calculation. Ciccolelli fails to show deficient performance by his former counsel or any way he was prejudiced.

## ORDER

IT IS HEREBY ORDERED that Ciccolelli's § 922 Motion[49] and his IAC Motion[50] are both DENIED and this case is DISMISSED with prejudice. The clerk is directed to close the

---

[46] *See* docket no. 30, minute entry for Proceedings held before Judge David Nuffer: Sentencing, filed April 6, 2022.

[47] IAC Motion, Docket no. 3, filed January 4,2023.

[48] Statement By Defendant in Advance of Plea of Guilty and Plea Agreement, docket no. 25, filed December 27, 2021 in *United States v. Ciccolelli*, case no. 4:21-cr-00109-DN (D. Utah 2022).

[49] Docket no. 1, filed December 1, 2022.

[50] Docket no. 3, filed January 4, 2023.

10

case. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, Plaintiff is DENIED a certificate of appealability.

Signed January 12, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge